UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
EMIL RAVINOV,

                                         Plaintiff,

- against -

DOWNHOUSE LOUNGE, GIORGI "JONES" AND
KURBAN "JONES", LAST NAMES BEING FICTITIOUS
AND PRESENTLY UNKNOWN, THE CITY OF NEW
YORK, NEW YORK CITY POLICE DEPARTMENT,
P.O. JANE RAMIREZ, FIRST NAME BEING
FICTITIOUS AND PRESENTLY UNKNOWN, "JOHN
DOES" 1-3, SAID NAMES BEING FICTITIOUS AND
PRESENTLY UNKNOWN,

                                      Defendants-Petitioner.

-----------------------------------------------------------------x

**NOTICE OF REMOVAL**

Docket
12CV

ECF Case

Law Dep't No. 2011-042475

Defendant-petitioner, THE CITY OF NEW YORK, THE CITY OF NEW YORK S/H/A NEW YORK CITY POLICE DEPARTMENT ("Petitioner"), by its attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, upon information and belief, respectively petitions this Court, pursuant to 28 U.S.C. §§ 1331, 1367(a) and 1441, as follows:

1.       On June 28, 2012, Plaintiff EMIL RAVINOV ("Plaintiff") commenced the above-captioned civil action under Index No. 13357/12, which is currently pending in the Supreme Court of the State of New York, Kings County, and of which a trial has not yet been had therein. A copy of the Summons and Complaint is annexed hereto as Exhibit A.

2.       On July 3, 2012, Petitioner received service of a copy of Plaintiff's Summons and Complaint, and, on July 17, 2012, an Answer was duly interposed on behalf of Petitioner. A copy of the Answer is annexed hereto as Exhibit B.

3.       The Complaint alleges that, on July 5, 2011, while the Plaintiff was lawfully upon the premises of the 61st Precinct, located in the vicinity of 2575 Coney Island Avenue, Brooklyn,

New York, certain police officers and/or detectives allegedly acting under color of law, assaulted, abused and battered the Plaintiff, handcuffed him excessively tightly, pepper sprayed, falsely arrested, imprisoned and maliciously prosecuted the Plaintiff, subjected the Plaintiff to extreme public humiliation and defamation of character, deprived the Plaintiff of his right to freedom of speech, and further deprived Plaintiff of urgently required medical care and attention. See ¶¶ 43, 68, 74, 79, 83, 146 and 154 of Exhibit A.

4.      The Complaint further seeks to redress the deprivation of Plaintiff's civil rights secured by the First, Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States, 42 U.S.C. §§ 1983, 1985, 1986 and 1988, as well as the laws and Statutes of the State of New York, which allegedly occurred as result of defendants' misconduct while engaged in a policy, regimen, routine or custom so widespread as to "have force of law." See ¶¶ 145, 158, 159, and 160 of Exhibit A.

5.      Accordingly, this is an action over which the District Courts of the United States have original jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 1441. See, Bill Wolf Petroleum Corp. v. Port Wash. North, 489 F. Supp. 2d 203, 206 (E.D.N.Y. 2007); see, 28 U.S.C. § 1331 (district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States).

6.      Furthermore, since the state law claims within Plaintiff's Complaint all arise out of a common nucleus of operative facts, namely, the allegedly condoned police conduct involved during Plaintiff's arrest and prosecution, both state and federal claims form part of the same case or controversy under Article III of the United States Constitution, and this Court's exercise of supplemental jurisdiction is appropriate here. See, 28 U.S.C. § 1367(a) (in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental

jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution). See also, Rosario v. Amalgamated Ladies' Garment Cutters' Union, 605 F.2d 1228, 1247 (2d Cir. 1979) (both state and federal claims were linked by the hostility of Union officials toward appellees' assertion of their § 101 rights); see also, Dunlop v. City of New York, 2006 U.S. Dist. LEXIS 72315 (S.D.N.Y. 2006) (plaintiff's state and federal claims arise out of a common nucleus of operative facts).

7.  This Notice of Removal is timely filed within thirty (30) days after receipt by Petitioner of the Plaintiff's Complaint. See 28 U.S.C. § 1446(b).

8.  Attached to this Notice, and by reference made a part hereof, are true and correct copies of all pleadings filed herein.

9.  By filing this Notice of Removal, Petitioner does not waive any defense which may be available to it, specifically including, but not limited to, its right to contest in personam jurisdiction over Petitioner, improper service of process and the absence of venue in this Court or the Court from which this action has been removed.

10. Although 28 U.S.C. § 1446(b) further provides that where there are multiple defendants, all named defendants over whom the state court acquired jurisdiction must join in the removal petition for removal to be proper, which is otherwise known as the rule of unanimity, exceptions are recognized, one of which permits a removing defendant to forego securing the consent of any co-defendant who has not been served with service of process at the time the removal petition is filed. See, Mieschberger v. Dana Corp., 2011 U.S. Dist. LEXIS 119352 (E.D.N.Y. 2011).

11. On July 18, 2012, the undersigned personally met with co-defendant Anna Ramirez s/h/a P.O. JANE RAMIREZ, who denied having ever received service of the Complaint, and further denied any knowledge whatsoever of the within Plaintiff's action. In any event, co-defendant Anna Ramirez s/h/a P.O. JANE RAMIREZ agreed to sign a written consent to removal of the action, a copy of which is annexed hereto as Exhibit C.

12. Upon information and belief, Plaintiff has incorrectly named a nonexistent legal entity, DOWNHOUSE LOUNGE, as a co-defendant in its summons and complaint. See Exhibit A. A copy of the New York State Department of State, Division of Corporations Entity Information, is annexed hereto as Exhibit D. See also, Maldonado v Maryland Rail Commuter Serv. Admin., 91 N.Y.2d 467, 472, 695 N.E.2d 700, 672 N.Y.S.2d 831 (1998) (the misnaming of the [legal] entity was in fact no naming at all); see also, Ross v. Lan Chile Airlines, 14 A.D.3d 602 (N.Y. App. Div. 2d Dep't 2005); see also, Williams v. Marvin Windows & Doors, 15 A.D.3d 393, 396 (N.Y. App. Div. 2d Dep't 2005) (action was not properly commenced against the intended defendants because the plaintiffs failed to name them in their initial summons and complaint).

13. As it is well established that notice received by means other than those authorized by statute does not bring a defendant within the jurisdiction of the court, the consent of intended co-defendant, Downhouse Productions, Inc. s/h/a DOWNHOUSE LOUNGE to this removal is not required. See, Shieh v. CHASE BANK USA, N.A., 2012 U.S. Dist. LEXIS 93956 (E.D.N.Y. 2012) (removing defendant may forego securing the consent of any co-defendant who has not been served with process at the time of the removal petition).

14. In any event, co-defendant Downhouse Productions, Inc. s/h/a DOWNHOUSE LOUNGE has signed a written consent to removal of the action, a copy of which is annexed hereto as Exhibit E.

15. Lastly, in the context of 28 U.S.C. § 1441(a), the requirement of unanimity does not extend to unserved, let alone unidentified "JOHN DOE" defendants. See, Bowen v. Home Depot, 2001 U.S. Dist. LEXIS 12100 (E.D.N.Y. 2001); see also, Varela v. Flintlock Constr., Inc., 148 F. Supp. 2d 297 (S.D.N.Y. 2001).

**WHEREFORE**, the Petitioner respectfully requests that the instant action now pending before Supreme Court of the State of New York, Kings County, be removed to the United States District Court of the Eastern District of New York, and for such other and further relief as this Court deems proper and just.

Dated: New York, New York
August 1, 2012

        MICHAEL A. CARDOZO,
        Corporation Counsel of the City of New York
        Attorney for City of New York
        100 Church Street
        New York, NY 10007
        (212) 788-0563

By: _____
        ERIC H. WEST  (EW3000)
        Special Assistant Corporation Counsel

- 6 -

TO:     BURNS & HARRIS
          Attorneys for plaintiff
          233 Broadway, Suite 900
          New York, New York 10279
          (212) 393-1000