2011-042415

.13357/

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

Index No.: ~~12~~ 12

---------------------------------------------------------------X

EMIL RAVINOV

Date Filed:

Plaintiff,

**SUMMONS**

-against-

Plaintiff designates Kings
County as the place of trial.

DOWNHOUSE LOUNGE, GIORGI "JONES" AND
KURBAN "JONES", LAST NAMES BEING FICTITIOUS
AND PRESENTLY UNKNOWN, THE CITY OF NEW
YORK, NEW YORK CITY POLICE DEPARTMENT,
P.O. "JANE" RAMIREZ, FIRST NAME BEING
FICTITIOUS AND PRESENTLY UNKNOWN, "JOHN
DOES"1-3, SAID NAMES BEING FICTITIOUS AND
PRESENTLY UNKNOWN,

The basis of venue is:
Location of accident

Plaintiff resides at:
2652 Cropsey Ave.
Brooklyn, NY 11214

Defendants.

---------------------------------------------------------------X

To the above named Defendant(s)

      **YOU ARE HEREBY SUMMONED** to answer the Complaint in this action

and to serve a copy of your answer, or, if the Complaint is not served with this Summons, to

serve a Notice of Appearance, on the Plaintiff's attorney(s) within 20 days after the service of this

Summons, exclusive of the day of service (or within 30 days after the service is complete if this

summons is not personally delivered to you within the State of New York); and in the case of

your failure to appear or answer, judgment will be taken against you by default for the relief

demanded in the Complaint.

Dated:  New York, New York
        June 25, 2012

Yours, etc.

MARLA STEIN
BURNS & HARRIS
Attorneys for Plaintiff
EMIL RAVINOV

1

KINGS COUNTY CLERK
RECEIVED
2012 JUN 28 AM 9: 16

233 Broadway, Suite 900
New York, New York 10279
(212) 393-1000
Our File No. 202216

TO:

      THE CITY OF NEW YORK
      100 CHURCH STREET  (4FL)
      NEW YORK, NY 10007

      DOWNHOUSE LOUNGE
      252 AVENUE X
      BROOKLYN, NY 11223

      GIORGI "JONES"
      C/O DOWNHOUSE LOUNGE
      252 AVENUE X
      BROOKLYN, NY 11223

      KURBAN "JONES",
      C/O DOWNHOUSE LOUNGE
      252 AVENUE X
      BROOKLYN, NY 11223

      NEW YORK CITY POLICE DEPARTMENT
      1 POLICE PLAZA
      NEW YORK, NEW YORK

      P.O. "JANE" RAMIREZ
      C/O 61ST PRECINCT
      2575 CONEY ISLAND AVENUE
      BROOKLYN, NY 11223

      "JOHN DOES"1-3
      C/O 61ST PRECINCT
      2575 CONEY ISLAND AVENUE
      BROOKLYN, NY 11223

2

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
--------------------------------------------------------------------X

EMIL RAVINOV

                     Plaintiff,

      -against-

DOWNHOUSE LOUNGE, GIORGI "JONES" AND
KURBAN "JONES", LAST NAMES BEING FICTITIOUS
AND PRESENTLY UNKNOWN, THE CITY OF NEW
YORK, NEW YORK CITY POLICE DEPARTMENT,
P.O. "JANE" RAMIREZ, FIRST NAME BEING
FICTITIOUS AND PRESENTLY UNKNOWN, "JOHN
DOES"1-3, SAID NAMES BEING FICTITIOUS AND
PRESENTLY UNKNOWN,

                     Defendants.

--------------------------------------------------------------------X

**1 3 3 5 7**

Index No.: ~~125430~~/1 2

**VERIFIED COMPLAINT**

JUN 2 8 2012

Plaintiff, by his attorneys, BURNS & HARRIS, as and for a Verified Complaint herein, respectfully sets forth and alleges:

## AS AND FOR A FIRST CAUSE OF ACTION:

      1.  That this action arises under the United States Constitution, particularly under provisions of the First, Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States, and under Federal law, particularly the Civil Rights Act, Title 42 of the United States Code, Section 1983, 1985, 1986 and 1988, and the rights under the Constitution and laws of the State of New York.

      2.  Each and all of the acts of the defendants herein were done by the defendants, their servants, agents and/or employees, and each of them, not as individuals, but under the color and pretense of the statutes, ordinances, regulations, customs and usages of the State of New York and the City of New York, and under the authority of their office as officers of said

3

City and State.

3.  That at the time of the commencement of this action, plaintiff, EMIL RAVINOV, resided in the County of Kings, City and State of New York.

4.  That at all times herein mentioned, the defendant THE CITY OF NEW YORK was a Municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

5.  That at all times herein mentioned, the defendant THE CITY OF NEW YORK was a corporation doing business in the State of New York.

6.  That at all times herein mentioned, the defendant THE CITY OF NEW YORK operated a police department, including the 61st Precinct, as part of and in conjunction with its municipal function.

7.  That at all times herein mentioned, the defendant THE CITY OF NEW YORK maintained said police department and precinct.

8.  That at all times herein mentioned, the defendant THE CITY OF NEW YORK managed said police department and precinct.

9.  That at all times herein mentioned, the defendant THE CITY OF NEW YORK controlled said police department and precinct.

10. That at all times herein mentioned, the defendant THE CITY OF NEW YORK, its servants, agents and/or employees employed police officers, and other personnel, to work as representatives of THE CITY OF NEW YORK.

11. That at all times herein mentioned, the defendant P.O. "JANE" RAMIREZ, first name being fictitious and presently unknown was a servant, agent, employee and/or representative of the defendant THE CITY OF NEW YORK.

12. That at all times herein mentioned, the defendant THE CITY OF NEW YORK had the duty to sufficiently hire, train and retain within the Police Academy and at the Command, Precinct and Patrol levels so as to ensure that the actions, activities and behavior of

4

its said servants, agents, police officers, detectives and/or employees conform to a certain standard of conduct established by law for the protection of others against unreasonable risk of harm.

13. That at all times herein mentioned, the defendant THE CITY OF NEW YORK, had the duty to sufficiently hire, train and retain within the Police Academy and at the Command, Precinct and Patrol levels so as to ensure that its said servants, agents, police officers, detectives and/or employees conduct themselves in such a manner so as not to intentionally, wantonly and/or negligently result in injuries to others, including the plaintiff herein.

14. That at all times herein mentioned, the defendant THE CITY OF NEW YORK employed a police officer, known as P.O. "JANE" RAMIREZ, first name being fictitious and presently unknown, to work as a representative of THE CITY OF NEW YORK.

15. That at all times herein mentioned, the defendant THE CITY OF NEW YORK had the duty to sufficiently hire, train and retain within the Police Academy and at the Command, Precinct and Patrol levels so as to ensure that the actions, activities and behavior of the defendant P.O. "JANE" RAMIREZ, first name being fictitious and presently unknown conform to a certain standard of conduct established by law for the protection of others against unreasonable risk of harm.

16. That at all times herein mentioned, the defendant THE CITY OF NEW YORK had the duty to sufficiently hire, train and retain within the Police Academy and at the Command, Precinct and Patrol levels so as to ensure that the defendant P.O. "JANE" RAMIREZ, first name being fictitious and presently unknown conduct herself in such a manner so as not to intentionally, wantonly and/or negligently result in injuries to others, including the plaintiff herein.

17. That at all times herein mentioned, the defendant THE CITY OF NEW YORK employed police officers, named herein as "JOHN DOES" 1-3, said names being fictitious and presently unknown, to work as representatives of THE CITY OF NEW YORK.

18.  That at all times herein mentioned, the defendants named herein as "JOHN DOES" 1-3, said names being fictitious and presently unknown, were and are intended herein as being servants, agents, employees and/or representatives of the defendant THE CITY OF NEW YORK.

19. That at all times herein mentioned, the defendant THE CITY OF NEW YORK had the duty to sufficiently hire, train and retain within the Police Academy and at the Command, Precinct and Patrol levels so as to ensure that the actions, activities and behavior of the defendants "JOHN DOES" 1-3, said names being fictitious and presently unknown, conform to a certain standard of conduct established by law for the protection of others against unreasonable risk of harm.

20. That at all times herein mentioned, the defendant THE CITY OF NEW YORK had the duty to sufficiently hire, train and retain within the Police Academy and at the Command, Precinct and Patrol levels so as to ensure that the defendants "JOHN DOES" 1-3, said names being fictitious and presently unknown, conduct themselves in such a manner so as not to intentionally, wantonly and/or negligently result in injuries to others, including the plaintiff herein.

21. That at all times herein mentioned, the defendant NEW YORK CITY POLICE DEPARTMENT was a Municipal corporation duly existing under and by virtue of the laws of the State of New York.

22. That at all times herein mentioned, the defendant NEW YORK CITY POLICE DEPARTMENT was a corporation doing business in the State of New York.

23. That at all times herein mentioned, the defendant NEW YORK CITY POLICE DEPARTMENT operated a police department, including the 61st Precinct, as part of and in conjunction with its municipal function.

24. That at all times herein mentioned, the defendant NEW YORK CITY POLICE DEPARTMENT maintained said police department and precinct.

6

25. That at all times herein mentioned, the defendant NEW YORK CITY POLICE DEPARTMENT managed said police department and precinct.

26. That at all times herein mentioned, the defendant NEW YORK CITY POLICE DEPARTMENT controlled said police department and precinct.

27. That at all times herein mentioned, the defendant NEW YORK CITY POLICE DEPARTMENT, its servants, agents and/or employees employed police officers, and other personnel, worked as representatives of NEW YORK CITY POLICE DEPARTMENT.

28. That at all times herein mentioned, the defendant P.O. "JANE" RAMIREZ, first name being fictitious and presently unknown was a servant, agent, employee and/or representative of the defendant NEW YORK CITY POLICE DEPARTMENT.

29. That at all times herein mentioned, the defendant NEW YORK CITY POLICE DEPARTMENT had the duty to sufficiently hire, train and retain within the Police Academy and at the Command, Precinct and Patrol levels so as to ensure that the actions, activities and behavior of its said servants, agents, police officers, detectives and/or employees conform to a certain standard of conduct established by law for the protection of others against unreasonable risk of harm.

30. That at all times herein mentioned, the defendant NEW YORK CITY POLICE DEPARTMENT, had the duty to sufficiently hire, train and retain within the Police Academy and at the Command, Precinct and Patrol levels so as to ensure that its said servants, agents, police officers, detectives and/or employees conduct themselves in such a manner so as not to intentionally, wantonly and/or negligently result in injuries to others, including the plaintiff herein.

31. That at all times herein mentioned, the defendant NEW YORK CITY POLICE DEPARTMENT employed a police officer, known as P.O. "JANE" RAMIREZ, first name being fictitious and presently unknown, to work as a representative of NEW YORK CITY POLICE DEPARTMENT.

32. That at all times herein mentioned, the defendant NEW YORK CITY POLICE DEPARTMENT had the duty to sufficiently hire, train and retain within the Police Academy and at the Command, Precinct and Patrol levels so as to ensure that the actions, activities and behavior of the defendant P.O. "JANE" RAMIREZ, first name being fictitious and presently unknown conform to a certain standard of conduct established by law for the protection of others against unreasonable risk of harm.

33. That at all times herein mentioned, the defendant NEW YORK CITY POLICE DEPARTMENT had the duty to sufficiently hire, train and retain within the Police Academy and at the Command, Precinct and Patrol levels so as to ensure that the defendant P.O. "JANE" RAMIREZ, first name being fictitious and presently unknown conduct herself in such a manner so as not to intentionally, wantonly and/or negligently result in injuries to others, including the plaintiff herein.

34. That at all times herein mentioned, the defendant NEW YORK CITY POLICE DEPARTMENT employed police officers, named herein as "JOHN DOES" 1-3, said names being fictitious and presently unknown, to work as representatives of NEW YORK CITY POLICE DEPARTMENT.

35. That at all times herein mentioned, the defendants named herein as "JOHN DOES" 1-3, said names being fictitious and presently unknown, were and are intended herein as being servants, agents, employees and/or representatives of the defendant NEW YORK CITY POLICE DEPARTMENT.

36. That at all times herein mentioned, the defendant NEW YORK CITY POLICE DEPARTMENT had the duty to sufficiently hire, train and retain within the Police Academy and at the Command, Precinct and Patrol levels so as to ensure that the actions, activities and behavior of the defendants "JOHN DOES" 1-3, said names being fictitious and presently unknown, conform to a certain standard of conduct established by law for the protection of others against unreasonable risk of harm.

8

the police department of the defendants herein were present in and upon the premises of the 61st police precinct, located in the vicinity of 2575 Coney Island Avenue, in the County of Kings, City and State of New York.

44. That on the 5th day of July, 2011, the defendant P.O. "JANE" RAMIREZ, first name being fictitious and presently unknown was present in and upon the premises of the 61st police precinct, located in the vicinity of 2575 Coney Island Avenue, in the County of Kings, City and State of New York.

45. That on the 5th day of July, 2011, the defendant P.O. "JANE" RAMIREZ, first name being fictitious and presently unknown was present in and upon the premises of the 61st police precinct, located in the vicinity of 2575 Coney Island Avenue, in the County of Kings, City and State of New York, in the course and scope of her employment as a police officer for the defendant THE CITY OF NEW YORK.

46. That on the 5th day of July, 2011, the defendnats "JOHN DOES" and "JANE DOES" said names being fictitious and presently unknown, were present in and upon the premises of the 61st police precinct, located in the vicinity of 2575 Coney Island Avenue, in the County of Kings, City and State of New York.

47. That on the 5th day of July, 2011, the defendnats "JOHN DOES" and "JANE DOES" names being fictitious and presently unknown, were present in and upon the premises of the 61st police precinct, located in the vicinity of 2575 Coney Island Avenue, in the County of Kings, City and State of New York, in the course and scope of their employment as police officers for the defendant THE CITY OF NEW YORK.

48. That on the 5th day of July, 2011, the plaintiff was assaulted and battered by said police officers while he was present in and upon the premises of the 61st police precinct, located in the vicinity of 2575 Coney Island Avenue, in the County of Kings, City and State of New York.

49. That on the 5th day of July, 2011, the plaintiff was wantonly, intentionally,

10

37. That at all times herein mentioned, the defendant NEW YORK CITY POLICE DEPARTMENT had the duty to sufficiently hire, train and retain within the Police Academy and at the Command, Precinct and Patrol levels so as to ensure that the defendants "JOHN DOES" 1-3, said names being fictitious and presently unknown, conduct themselves in such a manner so as not to intentionally, wantonly and/or negligently result in injuries to others, including the plaintiff herein.

38. That at all times herein mentioned, the defendant P.O. "JANE" RAMIREZ, first name being fictitious and presently unknown had the duty to ensure that her actions, activities and behavior conform to a certain standard of conduct established by law for the protection of others against unreasonable risk of harm.

39. That at all times herein mentioned, the defendant P.O. "JANE" RAMIREZ, first name being fictitious and presently unknown had the duty to conduct herself in such a manner so as not to intentionally, wantonly and/or negligently result in injuries to others, including the plaintiff herein.

40. That at all times herein mentioned, the defendants "JOHN DOES" 1-3, said names being fictitious and presently unknown, had the duty to ensure that their actions, activities and behavior conform to a certain standard of conduct established by law for the protection of others against unreasonable risk of harm.

41. That at all times herein mentioned, the defendants "JOHN DOES" 1-3, said names being fictitious and presently unknown, had the duty to conduct themselves in such a manner so as not to intentionally, wantonly and/or negligently result in injuries to others, including the plaintiff herein.

42. That on the 5th day of July, 2011, the plaintiff EMIL RAVINOV, was lawfully present in and upon the premises of the 61st police precinct, located in the vicinity of 2575 Coney Island Avenue, in the County of Kings, City and State of New York.

43. That on the 5th day of July, 2011, certain police officers and/or detectives of

maliciously, illegally and brutally assaulted, attacked, struck, beaten, thrown, handcuffed excessively tightly, pepper sprayed, deprived of his absolute right to freedom of speech, abused and battered by the said defendant police officers herein while he was present in and upon the premises of the 61st police precinct, located in the vicinity of 2575 Coney Island Avenue, in the County of Kings, City and State of New York.

50.  That by reason of the foregoing, the plaintiff was injured.

51.  That the foregoing occurrences and the resulting injuries to the plaintiff were caused solely by reason of the carelessness, negligence, intentional infliction of emotional distress, abuse of process, excessive use of brutal force and wrongful assault and battery on the part of the defendants, their servants, agents, police officers, and/or employees, in violation of the plaintiff's Civil and Constitutional rights, and without any cause, provocation or negligence on the part of the plaintiff contributing thereto.

52.  That by reason of the foregoing, this plaintiff was severely injured and damaged, rendered sick, sore, lame and disabled, sustained severe nervous shock and mental anguish, great physical pain and emotional upset, some of which injuries are permanent in nature and duration, and plaintiff will be permanently caused to suffer pain, inconvenience and other effects of such injuries; plaintiff incurred and in the future will necessarily incur further hospital and/or medical expenses in an effort to be cured of said injuries; and plaintiff has suffered and in the future will necessarily suffer additional loss of time and earnings from employment; and plaintiff will be unable to pursue his usual duties with the same degree of efficiency as prior to this occurrence, all to his great damage.

53.  That heretofore, and on August 5, 2011, within 90 days after the claim served upon arose, the plaintiff caused a Notice of Claim, in writing, sworn to by the plaintiff, containing the name and post office address of the plaintiff, and plaintiff's attorney, the nature of the claim, the time when, the place where and the manner by which the claim arose, the items of damage and the injuries claimed to have been sustained, to be served upon the defendant THE

11

CITY OF NEW YORK, by delivering a copy thereof to the person designated by law as a person to whom such claims may be served.

54. That heretofore, and on August 5, 2011, within 90 days after the claim served upon arose, the plaintiff caused a Notice of Claim, in writing, sworn to by the plaintiff, containing the name and post office address of the plaintiff, and plaintiff's attorney, the nature of the claim, the time when, the place where and the manner by which the claim arose, the items of damage and the injuries claimed to have been sustained, to be served upon the defendant NEW YORK CITY POLICE DEPARTMENT, by delivering a copy thereof to the person designated by law as a person to whom such claims may be served.

55. That more than thirty (30) days have elapsed since the aforesaid Notices of Claim were served on the said defendants.

56. That the said defendants were negligent and have refused and neglected to adjust, settle and pay the same.

57. That this claim has been commenced and this action has been started within one year and ninety days after the happening of the event upon which the claim is based.

58. That all conditions and requirements precedent to the commencement of this action have been complied with.

59. That oral examination of the plaintiff has been conducted on January 24, 2012 in compliance with Section 50-H of the General Municipal Law.

60. That this action falls within one or more of the exceptions set forth in CPLR 1602.

61. Pursuant to CPLR Section 1602(2)(iv), defendants are jointly and severally liable for all of plaintiff's damages, including but not limited to plaintiff's non-economic loss, irrespective of the provisions of the CPLR Section 1601, by reason of the fact that defendants owed the plaintiff a non-delegable duty of care.

62. Pursuant to CPLR Section 1602(7), defendants are jointly and severally liable

for all of plaintiff's damages, including but not limited to plaintiff's non-economic loss, irrespective of the provisions of the CPLR Section 1601, by reason of the fact that defendants acted with reckless disregard of the safety of others.

63. Pursuant to CPLR Section 1602(iv), the defendants are jointly and severally liable for all of plaintiff's damages, including but not limited to plaintiff's non-economic loss, irrespective of the provisions of the CPLR Section 1601, by reason of the fact that said defendnats are vicariously liable for the negligent acts and omissions of others who caused or contributed to the plaintiff's damages.

64. Pursuant to CPLR Section 1602(5), defendants are jointly and severally liable for all of plaintiff's damages, including but not limited to plaintiff's non-economic loss, irrespective of the provisions of the CPLR Section 1601, by reason of the fact that defendants' wrongful conduct was intentional.

65. Pursuant to CPLR Section 1602(11), defendants are jointly and severally liable for all of plaintiff's damages, including but not limited to plaintiff's non-economic loss, irrespective of the provisions of the CPLR Section 1601, by reason of the fact that defendants acted knowingly or intentionally, and in concert, to cause the acts or failures which are a proximate cause of plaintiff's injuries.

66. That by reason of the foregoing, plaintiff has been damaged in an amount which exceeds the monetary jurisdictional limits of any and all lower Courts which would otherwise have jurisdiction herein, in an amount to be determined upon the trial of this action.

## AS AND FOR A SECOND CAUSE OF ACTION:

67. That plaintiff repeats, reiterates and re-alleges each and every allegation as contained in the First Cause of Action of the within Complaint with the same force and effect as though each were more fully set forth at length herein.

68. That on the 5th day of July, 2011, the defendants, THE CITY OF NEW

13

YORK, NEW YORK CITY POLICE DEPARTMENT, P.O. "JANE" RAMIREZ, first name being fictitious and presently unknown, and "JOHN DOES" 1-3, said names being fictitious and presently unknown, their servants, agents, police officers and/or employees and personnel acting within the scope of their employment by the said defendants did carelessly, negligently, wantonly, intentionally, maliciously, relentlessly, illegally, falsely, improperly and wrongfully arrest, restrain, detain, handcuff, pepper spray, abuse, threaten, assault, imprison and detain the plaintiff, depriving him of urgently required medical care and attention, without just cause or provocation.

69.  That by reason of the foregoing, the plaintiff was caused to suffer severe and serious injuries and damages both physically and mentally, suffered grievous harm, embarrassment, defamation of character, damage to his good name, credit, character and reputation, and plaintiff was subjected to extreme public humiliation, scorn, contempt, derision and ridicule.

70.  That by reason of the foregoing, plaintiff has been damaged in an amount which exceeds the monetary jurisdictional limits of any and all lower Courts which would otherwise have jurisdiction herein, in an amount to be determined upon the trial of this action.

### AS AND FOR A THIRD CAUSE OF ACTION:

71.  That plaintiff repeats, reiterates and realleges each and every allegation as contained in the First and Second Causes of Action of the within Complaint with the same force and effect as though each were more fully set forth at length herein.

72. That the defendants, THE CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, P.O. "JANE" RAMIREZ, first name being fictitious and presently unknown, and "JOHN DOES" 1-3, said names being fictitious and presently unknown, their servants, agents, police officers, detectives and/or employees

73.  That on the 5th day of July, 2011, the plaintiff was illegally, falsely and

14

wrongfully arrested by said police officer and/or officers, without probable or just cause or provocation, falsely accused of crimes of which he was wholly innocent, and detained for an unreasonable period of time thereafter until he was released, in violation of plaintiff's civil rights under 42 U.S.C. Section 1983.

74. That by reason of the foregoing, the plaintiff was caused to suffer severe and serious injuries and damages both physically and mentally, suffered grievous harm, embarrassment, defamation of character, damage to his good name, credit, character and reputation, and plaintiff was subjected to extreme public humiliation, scorn, contempt, derision and ridicule.

75. That by reason of the foregoing, plaintiff EMIL RAVINOV has been damaged in an amount which exceeds the monetary jurisdictional limits of any and all lower Courts which would otherwise have jurisdiction herein, in an amount to be determined upon the trial of this action.

### AS AND FOR A FOURTH CAUSE OF ACTION:

76. That plaintiff repeats, reiterates and re-alleges each and every allegation as contained in the First, Second and Third Causes of Action of the within Complaint with the same force and effect as though each were more fully set forth at length herein.

77. That the charges brought against the plaintiff by the defendants THE CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, P.O. "JANE" RAMIREZ, first name being fictitious and presently unknown, and "JOHN DOES" 1-3, said names being fictitious and presently unknown, were solely for the purpose of covering up and/or purportedly justifying the unconscionable beating and abuse perpetrated upon the plaintiff by the defendants, in violation of plaintiff's civil rights under 42 U.S.C. Section 1983.

78. That the defendants herein intentionally, wantonly conspired and acted in collusion in bringing said charges against the plaintiff solely for the purpose of covering up

15

and/or purportedly justifying the unconscionable beating, pepper spraying and abuse perpetrated upon the plaintiff by the defendants.

79. That by reason of the foregoing, the plaintiff was caused to sustain severe and serious injuries and damages, both mentally and physically, severe nervous shock, emotional distress and illness, was placed in a position of fear for his life and well-being, was subjected to extreme embarrassment, humiliation, scorn and ridicule, defamation of character, and was severely injured and damaged.

80. That by reason of the foregoing, the plaintiff has been damaged in an amount which exceeds the monetary jurisdictional limits of any and all lower Courts which would otherwise have jurisdiction herein, in an amount to be determined upon the trial of this action.

### AS AND FOR A FIFTH CAUSE OF ACTION:

81. That plaintiff repeats, reiterates and realleges each and every allegation as contained in the First, Second, Third and Fourth Causes of Action of the within Complaint with the same force and effect as though each were more fully set forth at length herein.

82. That at all times herein mentioned, the defendants, THE CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, P.O. "JANE" RAMIREZ, first name being fictitious and presently unknown, and "JOHN DOES" 1-3, said names being fictitious and presently unknown, their servants, agents, employees, police officers and/or representatives intentionally, wantonly, maliciously and falsely prosecuted the plaintiff for the criminal charges of which they accused the plaintiff.

83. That at all times herein mentioned, the defendants, THE CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, P.O. "JANE" RAMIREZ, first name being fictitious and presently unknown, and "JOHN DOES" 1-3, said names being fictitious and presently unknown, their servants, agents, employees, police officers and/or representatives intentionally, wantonly and maliciously prosecuted the plaintiff, as a common criminal, causing

and/or compelling him to appear in public and in Court and falsely prosecuted the plaintiff.

84.  That the said criminal charges against the plaintiff were dismissed.

85.  That by reason of the foregoing, plaintiff has been damaged in an amount which exceeds the monetary jurisdictional limits of any and all lower Courts which would otherwise have jurisdiction herein.

## AS AND FOR A SIXTH CAUSE OF ACTION:

86.  That plaintiff repeats, reiterates and re-alleges each and every allegation as contained in the First, Second, Third, Fourth and Fifth Causes of Action of the within Complaint with the same force and effect as though each were more fully set forth at length herein.

87.  That at all times hereinafter mentioned, the defendant DOWNHOUSE LOUNGE, was a domestic corporation duly existing under and by virtue of the laws of the State of New York.

88.  That at all times hereinafter mentioned, the defendant DOWNHOUSE LOUNGE, was a foreign corporation duly authorized to conduct business in the State of New York.

89.  That at all times hereinafter mentioned, the defendant DOWNHOUSE LOUNGE, was a corporation doing business in the State of New York.

90.  That at all times hereinafter mentioned, the defendant DOWNHOUSE LOUNGE, was limited liability company doing business in the State of New York.

91.  That at all times hereinafter mentioned, the defendant DOWNHOUSE LOUNGE, was doing business in the State of New York, pursuant to the laws of the State of New York.

92.  That at all times hereinafter mentioned, the defendant, DOWNHOUSE LOUNGE, owned certain premises and/or place of business located at 250 Avenue X, in the County of Kings, City and State of New York.

93. That at all times hereinafter mentioned, the defendant, DOWNHOUSE LOUNGE, its servants, agents, bouncers and/or employees operated said premises and/or place of business located at 250 Avenue X, in the County of Kings, City and State of New York.

94. That at all times hereinafter mentioned, the defendant, DOWNHOUSE LOUNGE, its servants, agents, bouncers and/or employees maintained said premises and/or place of business located at 250 Avenue X, in the County of Kings, City and State of New York.

95. That at all times hereinafter mentioned, the defendant, DOWNHOUSE LOUNGE, its servants, agents, bouncers and/or employees managed said premises and/or place of business located at 250 Avenue X, in the County of Kings, City and State of New York.

96. That at all times hereinafter mentioned, the defendant, DOWNHOUSE LOUNGE, its servants, agents, bouncers and/or employees supervised said premises and/or place of business located at 250 Avenue X, in the County of Kings, City and State of New York.

97. That at all times hereinafter mentioned, the defendant, DOWNHOUSE LOUNGE, its servants, agents, bouncers and/or employees controlled said premises and/or place of business located at 250 Avenue X, in the County of Kings, City and State of New York.

98. That at all times hereinafter mentioned, it was the duty of the defendant, DOWNHOUSE LOUNGE, its servants, agents, bouncers and/or employees to maintain said premises and/or place of business located at 250 Avenue X, in the County of Kings, City and State of New York, in reasonably safe and suitable condition and repair.

99. That at all times hereinafter mentioned, it was the duty of the defendant, DOWNHOUSE LOUNGE, its servants, agents, bouncers and/or employees to provide for the safety, security and protection of persons lawfully present upon said premises and/or place of business located at 250 Avenue X, in the County of Kings, City and State of New York.

100. That at all times hereinafter mentioned, the defendant, DOWNHOUSE LOUNGE, hired, furnished and/or employed certain security guards, bouncers, servants, agents, employees and/or personnel to act as representatives of the defendant upon the said premises

18

and/or place of business located at 250 Avenue X, in the County of Kings, City and State of New York.

    101. That at all times hereinafter mentioned, the defendant, DOWNHOUSE LOUNGE, had the duty to ensure that the actions, activities and behavior of its said security guards, bouncers, servants, agents and/or employees conform to a certain standard of conduct established by law for the protection of others against unreasonable risk of harm.

    102. That at all times hereinafter mentioned, the defendant, DOWNHOUSE LOUNGE, had the duty to ensure that its said security guards, bouncers, servants, agents and/or employees conduct themselves in such a manner so as not to intentionally, wantonly and/or negligently result in injuries to others, including the plaintiff herein.

    103. That at all times hereinafter mentioned, the defendant, DOWNHOUSE LOUNGE, hired, furnished and/or employed the defendant "GIORGI" JONES, last name being fictitious and presently unknown to act as a security guard, bouncer, servant, agent and/or employee of the defendant upon the said premises and/or place of business located at 250 Avenue X, in the County of Kings, City and State of New York.

    104. That at all times hereinafter mentioned, the defendant "GIORGI" JONES, last name being fictitious and presently unknown was employed as a security guard and/or bouncer upon said premises and/or bar/nightclub place of business located as 250 Avenue X, in the County of Kings, City and State of New York.

    105. That at all times hereinafter mentioned, the defendant "GIORGI" JONES, last name being fictitious and presently unknown had the duty to conduct himself in a manner which conformed to that certain standard of conduct established by law for the protection of others against unreasonable risk of harm.

    106. That at all times hereinafter mentioned the defendant "GIORGI" JONES, last name being fictitious and presently unknown had the duty to conduct himself in such a manner so as not to intentionally, wantonly and/or negligently result in injuries to others, including the

plaintiff herein.

107. That at all times hereinafter mentioned, the defendant, DOWNHOUSE LOUNGE, hired, furnished and/or employed the defendant "KURBAN" JONES, last name being fictitious and presently unknown to act as a security guard, bouncer, servant, agent and/or employee of the defendant upon the said premises and/or place of business located at 250 Avenue X, in the County of Kings, City and State of New York.

108. That at all times hereinafter mentioned, the defendant "KURBAN" JONES, last name being fictitious and presently unknown was employed as a security guard and/or bouncer upon said premises and/or bar/nightclub place of business located as 250 Avenue X, in the County of Kings, City and State of New York.

109. That at all times hereinafter mentioned, the defendant "KURBAN" JONES, last name being fictitious and presently unknown had the duty to conduct himself in a manner which conformed to that certain standard of conduct established by law for the protection of others against unreasonable risk of harm.

110. That at all times hereinafter mentioned, the defendant "KURBAN" JONES, last name being fictitious and presently unknown had the duty to conduct himself in such a manner so as not to intentionally, wantonly and/or negligently result in injuries to others, including the plaintiff herein.

111. That on the 4th day of July, 2011, the plaintiff EMIL RAVINOV was present upon the said premises and/or place of business located at 250 Avenue X, in the County of Kings, City and State of New York.

112. That on the 4th day of July, 2011, the defendant "GIORGI" JONES, last name being fictitious and presently unknown was present upon the said premises and/or place of business located at 250 Avenue X, in the County of Kings, City and State of New York.

113. That on the 4th day of July, 2011, the defendant "GIORGI" JONES, last name being fictitious and presently unknown was present upon the said premises and/or place of

20

business located at 250 Avenue X, in the County of Kings, City and State of New York, in the course and scope of his employment.

114.  That on the 4th day of July, 2011, the defendant "GIORGI" JONES, last name being fictitious and presently unknown was present upon the said premises and/or place of business located at 250 Avenue X, in the County of Kings, City and State of New York, in the course and scope of his employment as a security guard and/or bouncer.

115. That on the 4th day of July, 2011, the plaintiff was caused to be injured while he was present upon the said premises and/or place of business located at 250 Avenue X, in the County of Kings, City and State of New York.

116. That on the 4th day of July, 2011, the plaintiff was caused to be injured by a certain security guard, bouncer, servant, agent, employee and/or representative of the defendants while she was present upon the said premises and/or place of business located at 250 Avenue X, in the County of Kings, City and State of New York.

117. That on the 4th day of July, 2011, the plaintiff was caused to be intentionally, maliciously, violently and viciously attacked, assaulted, beaten and abused by certain security guards, bouncers, servants, agents, employees and/or representatives of the defendants while she was present upon the said premises and/or place of business located at 250 Avenue X, in the County of Kings, City and State of New York.

118.  That on the 4th day of July, 2011, the plaintiff was caused to be intentionally, maliciously, violently and viciously attacked, assaulted, beaten and abused by the defendant "GIORGI" JONES, last name being fictitious and presently unknown while he was present upon the said premises and/or place of business located at 250 Avenue X, in the County of Kings, City and State of New York.

119. That on the 4th day of July, 2011, the plaintiff was caused to be intentionally, maliciously, violently and viciously attacked, assaulted, beaten and abused by the defendant "KURBAN" JONES, last name being fictitious and presently unknown while he was present

21

upon the said premises and/or place of business located at 250 Avenue X, in the County of Kings, City and State of New York.

120.    That on the 4th day of July, 2011, the plaintiff was caused to be injured by as a result of the carelessness, negligence and/or wanton disregard on the part of said security guards, bouncers, servants, agents, employees and/or representatives of the defendant DOWNHOUSE LOUNGE while he was present upon the said premises and/or place of business located at 250 Avenue X, in the County of Kings, City and State of New York.

121.    That said security guards, bouncers, servants, agents and/or employees were acting within the course and scope of their employment, and as representatives of the defendant DOWNHOUSE LOUNGE upon the said premises and/or place of business located at 250 Avenue X, in the County of Kings, City and State of New York.

122.    That by reason of all of the foregoing, the plaintiff was injured.

123.    That the foregoing occurrence, and the resulting injuries to the plaintiff were caused solely by reason of the carelessness, negligence, lack of supervision, security, protection and culpable, gross willful and wanton acts on the part of the defendants, DOWNHOUSE LOUNGE, GIORGI "JONES" and KURBAN "JONES", last names being fictitious and presently unknown, their servants, agents and/or employees and without any negligence, cause or provocation on the part of the plaintiff contributing thereto.

124.    That by reason of the foregoing, this plaintiff was severely injured and damaged, rendered sick, sore, lame and disabled, sustained severe nervous shock and mental anguish, great physical pain and emotional upset, some of which injuries are permanent in nature and duration, and plaintiff will be permanently caused to suffer pain, inconvenience and other effects of such injuries; plaintiff incurred and in the future will necessarily incur further hospital and/or medical expenses in an effort to be cured of said injuries; and plaintiff has suffered and/or in the future will necessarily suffer additional loss of time and earnings from employment; and plaintiff will be unable to pursue the usual duties with the same degree of efficiency as prior to

this occurrence, all to plaintiff's great damage.

125. That this action falls within one or more of the exceptions set forth in CPLR 1602.

126. Pursuant to CPLR Section 1602(2)(iv), defendants are jointly and severally liable for all of plaintiff's damages, including but not limited to plaintiff's non-economic loss, irrespective of the provisions of the CPLR Section 1601, by reason of the fact that defendants owed the plaintiff a non-delegable duty of care.

127. Pursuant to CPLR Section 1602(7), defendants are jointly and severally liable for all of plaintiff's damages, including but not limited to plaintiff's non-economic loss, irrespective of the provisions of the CPLR Section 1601, by reason of the fact that defendants acted with reckless disregard of the safety of others.

128. Pursuant to CPLR Section 1602(2)(iv), the defendants are jointly and severally liable for all of plaintiff's damages, including but not limited to plaintiff's non-economic loss, irrespective of the provisions of the CPLR Section 1601, by reason of the fact that said defendants are vicariously liable for the negligent acts and omissions of others who caused or contributed to the plaintiff's damages.

129. Pursuant to CPLR Section 1602(5) defendants are jointly and severally liable for all of plaintiff's damages, including but not limited to plaintiff's non-economic loss, irrespective of the provisions of CPLR Section 1601, by reason of the fact that defendants' wrongful conduct was intentional.

130. Pursuant to CPLR Section 1602(11), defendants are jointly and severally liable for all of plaintiff's damages, including but not limited to plaintiff's non-economic loss, irrespective of the provisions of the CPLR Section 1601, by reason of the fact that defendants acted knowingly or intentionally, and in concert, to cause the acts or failures which are a proximate cause of plaintiff's injuries.

131. That by reason of the foregoing, this plaintiff has been damaged in an amount

which exceeds the monetary jurisdictional limits of any and all lower Courts which would otherwise have jurisdiction herein, in an amount to be determined upon the trial of this action.

## AS AND FOR A SEVENTH CAUSE OF ACTION:

132.   That plaintiff repeats, reiterates and re-alleges each and every allegation as contained in the First, Second, Third, Fourth, Fifth and Sixth Causes of Action of the within Complaint with the same force and effect as though each were more fully set forth at length herein.

133.   That the defendants herein, and each of them, jointly and/or separately, individually and/or severally, carelessly, negligently, wrongfully, wantonly, intentionally and maliciously targeted the plaintiff in an act of racial and/or ethnic profiling, in connection with the attack, assault, accusations, charges, arrest, detention and abuse due to his race and/or ethnicity.

134. That the said discriminatory actions, racial and ethnic profiling on the part of the defendants herein, their agents, servants, police officers, bouncers, employees and/or representatives, unfairly discriminated against individuals of color and/or ethnicity in violation of Federal Civil Rights Laws, the Constitutions of the United States and of New York State.

135.   That by reason of the foregoing, the plaintiff has suffered severe damages in an amount which exceeds the monetary jurisdictional limits of any and all lower Courts which would otherwise have jurisdiction herein, in an amount to be determined upon the trial of this action.

## AS AND FOR AN EIGHTH CAUSE OF ACTION:

138.   That plaintiff repeats, reiterates and re-alleges each and every allegation as contained in the First, Second, Third, Fourth, Fifth, Sixth and Seventh Causes of Action of the within Complaint with the same force and effect as though each were more fully set forth at length herein.

24

139.   That all of the foregoing and the abuse of process by the defendants herein, their servants, agents, police officers, bouncers, and/or employees were in wanton, intentional and malicious disregard for the life, health, safety, freedom, protection, rights and well-being of the plaintiff.

140. That by reason of the foregoing, this plaintiff has been damaged in an amount which exceeds the monetary jurisdictional limits of any and all lower Courts which would otherwise have jurisdiction herein, in an amount to be determined upon the trial of this action.

### AS AND FOR A NINTH CAUSE OF ACTION:

141. That plaintiff repeats, reiterates and re-alleges each and every allegation as contained in the First, Second, Third, Fourth, Fifth, Sixth, Seventh and Eighth Causes of Action of the within Complaint with the same force and effect as though each were more fully set forth at length herein.

142.   That the foregoing occurrences and the resulting injuries to the plaintiff were caused solely by reason of the carelessness, negligence, intentional infliction of emotional distress, abuse of process, excessive use of brutal force and wrongful assault and battery on the part of the defendants, their servants, agents, police officers, bouncers and/or employees, in violation of the plaintiff's Civil and Constitutional rights, and without any cause, provocation or negligence on the part of the plaintiff contributing thereto, and in violation of plaintiff's civil rights under 42 U.S.C. Section 1983.

143.   That by reason of the foregoing, plaintiff has been damaged in an amount which exceeds the monetary jurisdictional limits of any and all lower Courts which would otherwise have jurisdiction herein, in an amount to be determined upon the trial of this action.

### AS AND FOR A TENTH CAUSE OF ACTION:

144. That plaintiff repeats, reiterates and re-alleges each and every allegation as

25

contained in the First, Second, Third, Fourth, Fifth, Sixth, Seventh, Eighth and Ninth Causes of Action of the within Complaint with the same force and effect as though each were more fully set forth at length herein.

145. That this is an action to redress the deprivation under color of statute, ordinance, regulation, custom or usage of a right, privilege and immunity secured to the plaintiff by the First, Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States 42 U.S.C. Section 1983, 1985, 1986 and 1988) and arising under the law and statutes of the State of New York.

146. Each and all of the acts of the defendants THE CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, P.O. "JANE" RAMIREZ, first name being fictitious and presently unknown, and "JOHN DOES" 1-3, said names being fictitious and presently unknown, herein were done by the defendants, their servants, agents, police officers, detectives and/or employees, and each of them, not as individuals, but under the color and pretense of the statutes, ordinances, regulations, customs and usages of the State of New York and the City of New York, and under the authority of their office as police officers of said City and State.

147. That by reason of the foregoing, plaintiff has been damaged in an amount which exceeds the monetary jurisdictional limits of any and all lower Courts which would otherwise have jurisdiction herein, in an amount to be determined upon the trial of this action.

### AS AND FOR AN ELEVENTH CAUSE OF ACTION:

148. That plaintiff repeats, reiterates and re-alleges each and every allegation as contained in the First, Second, Third, Fourth, Fifth, Sixth, Seventh, Eighth, Ninth and Tenth Causes of Action of the within Complaint with the same force and effect as though each were more fully set forth at length herein.

149. That at all times herein mentioned, it was the duty of the defendants THE

CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT and DOWNHOUSE LOUNGE to sufficiently select and screen for hiring for retention or discharge as employees those who are not fit, suitable, properly trained and instructed, constituting a potential menace, hazard or danger to the public or otherwise, those with vicious propensities and those with emotional, physical, psychological and/or physiological traits or characteristics or unsuitable or unstable or contraindicated for such employment.

150.  That at all times herein mentioned, it was the duty of the said defendants to sufficiently train, discipline, supervise, promulgate and put into effect appropriate rules applicable to the duties, activities and behaviors of their respective servants, agents, police officers, bouncers, employees and/or personnel.

151.  That by reason of the negligence of the said defendants in hiring, monitoring and retention of said police officers and/or bouncers with knowledge of the unsuitable, unstable and unfitness to act and serve and unfitness to continue to act and serve as employees by reason of the defendants' breach of said duties, the plaintiff was caused to suffer severe injuries and damage, without fault or want of care on the part of the plaintiff in any way contributing thereto, thereby causing him extreme physical, mental and emotional illness and distress, as well as severe physical, mental and emotional injuries which are permanent in nature and duration.

152.  That by reason of the foregoing, plaintiff has been damaged in an amount which exceeds the monetary jurisdictional limits of any and all lower Courts which would otherwise have jurisdiction herein, in an amount to be determined upon the trial of this action.

### AS AND FOR A TWELFTH CAUSE OF ACTION:

153.  That plaintiff repeats, reiterates and re-alleges each and every allegation as contained in the First, Second, Third, Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, Tenth and Eleventh Causes of Action of the within Complaint with the same force and effect as though each were more fully set forth at length herein.

154.  That the defendants THE CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, P.O. "JANE" RAMIREZ, first name being fictitious and presently unknown, and "JOHN DOES" 1-3, said names being fictitious and presently unknown,  did carelessly, negligently, intentionally and maliciously arrest, detain, imprison and maliciously prosecute the plaintiff herein for the purpose of covering up and/or purportedly justifying the unconscionable actions, abuse of process, beating and abuse perpetrated upon the plaintiff by the defendants.

155. That by reason of the foregoing, the plaintiff was caused to sustain severe and serious injuries and damages, both mentally and physically, severe nervous shock, emotional distress and illness, was placed in a position of fear for his life and well-being, was subjected to extreme embarrassment, humiliation, scorn and ridicule, defamation of character, and was severely injured and damaged.

156. That by reason of the foregoing, the plaintiff has been damaged in an amount which exceeds the monetary jurisdictional limits of any and all lower Courts which would otherwise have jurisdiction herein, in an amount to be determined upon the trial of this action.

### AS AND FOR A THIRTEENTH CAUSE OF ACTION:

157. That plaintiff repeats, reiterates and re-alleges each and every allegation as contained in the First, Second, Third, Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, Tenth, Eleventh and Twelfth Causes of Action of the within Complaint with the same force and effect as

though each were more fully set forth at length herein.

158. That by reason of all of the foregoing, the plaintiff suffered serious injury due to the deprivation of plaintiff's rights under the Constitution, created by a deliberate indifference to the plaintiff's rights, by policy-level decision on the part of the defendants THE CITY OF NEW YORK and NEW YORK CITY POLICE DEPARTMENT to act, or fail to act.

159. That the said defendants engaged in a policy, regimen, routine or custom of deliberate indifference so widespread and ingrained as to "have the force of law."

160. That by reason of all of the foregoing, the plaintiff suffered serious injury due to the deprivation of rights under the Constitution, created by such regimen, routine and custom of deliberate indifference to the plaintiff's rights, by policy-level decision on the part of said defendants to act, or fail to act.

161. That by reason of all of the foregoing, the plaintiff brings a Monell Claim for serious injury and damages she suffered as a result of the deliberate indifference and heightened level of culpability on the part of the defendants herein.

## AS AND FOR A FOURTEENTH CAUSE OF ACTION:

162. That plaintiff repeats, reiterates and realleges each and every allegation as contained in the First, Second, Third, Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, Tenth, Eleventh, Twelfth and Thirteenth Causes of Action of the within Complaint with the same force and effect as though each were more fully set forth at length herein.

163. That at all times herein mentioned, it was the duty of the defendant DOWNHOUSE LOUNGE to hire, furnish and provide competent, qualified, skilled, experienced, trained and diligent persons to act as security guards, bouncers, servants, agents and/or employees performing, work, labor and services relative to the safety, security and protection of persons lawfully present upon said premises and/or place of business located at 250 Avenue X, in the

County of Kings, City and State of New York.

164.  That at all times herein mentioned, it was the duty of the said defendant to train, discipline, supervise, promulgate and put into effect appropriate rules applicable to the duties, activities and responsibilities of its said security guards, bouncers, servants, agents, employees and/or personnel.

165. That at all times herein mentioned, the defendant DOWNHOUSE LOUNGE failed to hire, furnish and provide competent, qualified, skilled, experienced, trained and diligent persons to act as security guards, bouncers, servants, agents and/or employees performing, work, labor and services relative to the safety, security and protection of persons lawfully present upon said premises and/or place of business.

166. That at all times herein mentioned, the defendant DOWNHOUSE LOUNGE failed to train, discipline, supervise, promulgate and put into effect appropriate rules applicable to the duties, activities and responsibilities of its servants, agents, security guards, bouncers, employees and/or personnel performing work, labor and services upon said premises.

167. That by reason of the foregoing, plaintiff has been damaged in an amount which exceeds the monetary jurisdictional limits of any and all lower Courts which would otherwise have jurisdiction herein, in an amount to be determined upon the trial of this action.

**WHEREFORE**, plaintiff demands judgment against the defendants, the amount sought on each Cause of Action exceeding the monetary jurisdictional limits of any and all lower Courts which would otherwise have jurisdiction, in amounts to be determined upon the trial of this action, together with the costs and disbursements of this action, and with interest from the date of this occurrence.

Dated:  New York, New York
        June 25, 2012

MARLA STEIN

30

**ATTORNEY VERIFICATION**

MARLA STEIN, ESQ., an attorney duly admitted to practice law in the Courts of the State of New York, shows:

I am the attorney for the plaintiff in the within action and have read the foregoing **SUMMONS AND VERIFIED COMPLAINT** the contents thereof; the same is true upon information and belief.

This verification is made by this affirmant and not by said plaintiff because said plaintiff reside(s) in a County other than the County wherein your affirmant maintains her office.

The grounds of affirmant's knowledge and belief are as follows: Conference with clients and notes and records contained in the file maintained in the regular course of business.

The undersigned affirms that the foregoing statements are true under the penalties of perjury.

_____
MARLA STEIN

31

Index No.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

EMIL RAVINOV

        Plaintiff,

   -against-

DOWNHOUSE LOUNGE, GIORGI "JONES" AND KURBAN "JONES", LAST NAMES
BEING FICTITIOUS AND PRESENTLY UNKNOWN, THE CITY OF NEW YORK, NEW
YORK CITY POLICE DEPARTMENT, P.O. "JANE" RAMIREZ, FIRST NAME BEING
FICTITIOUS AND PRESENTLY UNKNOWN, "JOHN DOES"1-3, SAID NAMES BEING
FICTITIOUS AND PRESENTLY UNKNOWN,

        Defendants.

---

### SUMMONS AND VERIFIED COMPLAINT

---

**BURNS & HARRIS**
*Attorneys for Plaintiff(s)*
EMIL RAVINOV
**233 Broadway, Suite 900**
**New York, New York 10279**
**(212) 393-1000**